UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARIO MICHAEL RODRIGUEZ,

        Plaintiff,

v.

                                        Case No.  5:22-cv-15-TKW-MJF

KATHY SERRANO, *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. The undersigned recommends that Plaintiff's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim for relief.[1]

### I.    BACKGROUND AND ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Dario Michael Rodriguez, DC# C11435, is a Florida prisoner currently confined at the Northwest Florida Reception Center in Chipley, Florida. Doc. 12. Plaintiff is suing four Defendants: (1) Kathy Serrano, a supervisor with the American Civil Liberties Union in Reno, Nevada; (2) an unnamed supervisor with

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

the Georgetown University Law Center in Washington, D.C.; (3) Leelyn Aquino, the Operations Director for a law firm or legal advocacy group in Los Angeles, California; and (4) Cynthia Totten, an attorney at law with the same organization in Los Angeles, California. Doc. 12 at 2-3. Plaintiff asserts that he is suing these Defendants under 42 U.S.C. § 1983. *Id*. at 4.[2]

Plaintiff's amended complaint provides no factual allegations. Doc. 12 at 4-5. The amended complaint does not allege that any Defendant violated the Constitution or any law. *Id*. Plaintiff's Statement of Claims reads: "Same, Transparent – law school." *Id*. at 5. When directed on the complaint form to state what relief he seeks from this court, Plaintiff states: "NONE cognitegnett, same." *Id*. at 5.

Plaintiff's amended complaint attaches an affidavit in which Plaintiff details why he required an extension of time to file this amended complaint. *Id*. at 9-15; *see also* Doc. 8 (order requiring amendment and setting amendment deadline of February 23, 2022); Doc. 11 (order extending amendment deadline to March 21,

---

[2] This case originated in the United States District Court for the Southern District of Florida, upon Plaintiff mailing a letter to the clerk of that court, Angela Noble. Doc. 1. The letter complained about inmate-on-inmate violence at the Northwest Florida Reception Center, and claimed that prison officials were "bumping" Plaintiff from callouts for the law library and phone calls home. The letter named no parties, asserted no claims, and concluded by stating: "I'm scared for my life and need help now." *Id*. at 3. The Southern District docketed Plaintiff's letter as a civil rights complaint under 42 U.S.C. § 1983 against the Warden of NWFRC, and transferred the action to this District Court. Doc. 3. The undersigned ordered Plaintiff to file an amended complaint on the Northern District form for *pro se civil* rights complaints. Doc. 8. Plaintiff's amended complaint followed. Doc. 12.

2022). Plaintiff's amended complaint also attaches 77 pages of exhibits without indicating their relevance. *Id.* at 16-93. The exhibits relate to other litigation Plaintiff filed, including a case against the same Defendants (and others) that was dismissed by the Southern District under the "three-strikes" rule of 28 U.S.C. § 1915(g). *See Rodriguez v. American Civil Liberty Union et al.*, No. 1:21-cv-24203-MGC. Plaintiff's exhibits also include prison administrative grievances Plaintiff has filed regarding various issues, including prison notary services, law library access, lost property, and various other complaints.

Plaintiff is familiar with federal pleading standards and the requirements for stating a claim for relief under 42 U.S.C. § 1983, as he recently had other § 1983 actions dismissed for failure to state a claim and as frivolous. *See Rodriguez v. Scott*, No. 2:18-cv-14005-JEM, 2018 WL 9617231 (S.D. Fla. May 21, 2018) (dismissing § 1983 action with prejudice for failure to state a claim), *affirmed*, No. 18-13675, 775 F. App'x 599 (11th Cir. 2019) (noting that before the district court dismissed the complaint, the court "gave Rodriguez the opportunity to amend the complaint, warned him that his initial complaint was an impermissible shotgun pleading, and even provided a detailed roadmap explaining how to fix the flaws in the initial complaint[,] [y]et Rodriguez filed an amended complaint that fared no better than his initial one."); *Rodriguez v. Lawson*, No. 2:19-cv-14033-RLR (S.D. Fla. Oct. 11,

2019) (dismissing § 1983 action for failure to state a claim and as frivolous), *appeal dismissed as frivolous*, No. 19-14594, Slip Op. (11th Cir. Feb. 26, 2020).[3]

## II.    SCREENING STANDARD UNDER 28 U.S.C. § 1915(e)(2)

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[3] All of these civil actions and appeals may be positively identified as having been filed by Plaintiff, because they bear his name and DC number, and he attached filings from some of them to his amended complaint.

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*

"A claim is frivolous if and only if it lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation omitted).

## III.    DISCUSSION

### A.    Plaintiff's Amended Complaint Is Frivolous and Fails to State a Plausible Claim for Relief under Section 1983 Against Any Named Defendant

 "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met:  (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted).

Plaintiff's amended complaint fails to state a plausible § 1983 claim against any person named as a Defendant, because all of the Defendants are private parties. Plaintiff does not plead any allegations to satisfy one of the three tests necessary to transform the Defendants into state actors. *See Rayburn*, 241 F.3d at 1347.

Plaintiff's amended complaint does not identify any other law that would provide an arguable basis for relief against any Defendant. In fact, Plaintiff's amended complaint fails to suggest any connection whatsoever to any Defendant.

Leave to amend the complaint would be futile because a more carefully drafted complaint cannot save Plaintiff's § 1983 claims against these private-party Defendants. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed. . . ."). Nor does Plaintiff suggest that he has an arguable basis in the law to sue any of the Defendants. Accordingly, this action should be dismissed without affording Plaintiff an opportunity for a futile amendment of his complaint.

## IV.  CONCLUSION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that:

1.    This action be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), as frivolous and for failure to state a claim for relief.

2.      The clerk of court be directed to close this case file.

At Panama City, Florida, this <u>10th</u> day of May, 2022.

/s/ *Michael J. Frank*
_____
**Michael J. Frank**
**United States Magistrate Judge**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**